Citation Nr: 1717648 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 12-01 490 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUE

Entitlement to service connection for a psychiatric disability, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Veteran and Spouse


ATTORNEY FOR THE BOARD

K. D. Cross, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1963 to January 1966.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico. 

In March 2013 the Veteran had a video hearing before the undersigned Veterans Law Judge. A hearing transcript is of record. In March 2014 the Board remanded the case for additional development.


REMAND

Although further delay is regrettable, the Board finds that additional development is necessary prior to appellate review. A remand by the Board confers on the Veteran the right to compliance with the remand. Stegall v. West, 11 Vet. App. 2689 (1998).

The Veteran contends that he is entitled to service connection for a psychiatric disability, to include PTSD, based on an in service incident in July 1965. During the March 2013 video hearing, the Veteran testified that his ship, the USS Stribling (DD-867), received orders to go to battlestations. The Veteran testified that during that mission, they were informed that "a group of marines were being overrun by the enemy in Vietnam." The Veteran stated that as a result, they were ordered to go to their battle stations where he fired weapons for "a very long time." In a March 2014 statement, the Veteran asserted that following the incident, he felt "numb and sick" and "maybe hundreds died before a cease fire came."

In April 2010 the Veteran was diagnosed with PTSD that conforms to DSM-5 criteria. In April 2012, a readjustment counselor opined that "the Veteran's problems fully meet criteria for assessment of Posttraumatic Stress Disorder and Recurrent Major Depressive Disorder, caused by his combat experience in Vietnam." Nonetheless, it was noted that the Veteran's military service records would be reviewed once the Veteran Center received them. 

In a June 2014 examination, an examiner opined that the PTSD was related to the Veteran's claimed in service stressor and pre-service sexual trauma. The rationale provided by the examiner was that based on review of the record, VA medical records, and the results of the current clinical interview and psychological test findings, it was the opinion of this examiner that the PTSD diagnoses was at least as likely as not caused by or a result of his identified combat and service-related stressors based on Veteran's self-report of stressor events to be independently verified.

In April 2015 the Defense Personnel Records Information Retrieval System (DPRIS) submitted information to the RO noting that the USS Stribling was not near Vietnam as alleged by the Veteran, nor was it engaged in combat during the time frame provided. The records indicated that there USS Stribling conducted naval gunfire support qualification operations in the vicinity of Culebra, Puerto Rico during January 1965 through March 1965. That information was not available to the April 2012 adjustment counselor or the June 2014 examiner. 

In April 2017, a letter was submitted by a readjustment counselor stating that the Veteran's PTSD was due to his service in the Vietnam War. The Veteran's military records do not indicate that he served in Vietnam, and DPRIS noted that the ship the Veteran was stationed on did not go near Vietnam during his time in service. As a result, the Board finds that letter to be of little probative value.

The Board notes that while a positive opinion was given in June 2014, the opinion was based on a review of the file in June 2014, and was provided prior to receipt of documents indicating that no combat occurred during the provided timeframe nor was the USS Stribling in Vietnam during the alleged timeframe. The Veteran has not had a PTSD examination since June 2014. As a result, the Board finds that an additional VA examination is necessary to address the information received in April 2015.

Clinical documentation dated after March 2017 is not of record. VA should obtain all relevant VA and private treatment records which could potentially be helpful in resolving the Veteran's claim. Murphy v. Derwinski, 1 Vet. App. 78 (1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Accordingly, the case is REMANDED for the following action:

1. Associate with the record any VA medical records not already of record pertaining to treatment of the Veteran, to include records after March 2017. 

2. Schedule the Veteran for an examination by psychiatrist or psychologist to ascertain the nature and etiology of any current psychiatric disability. The examiner must review the claims file and must note that review in the report. The examiner should diagnose every psychiatric disability currently manifested or which has been manifested at any time during the course of this appeal. The examiner must take into account the Veteran's lay statements related to in-service and post-service symptomatology, and continuous symptoms in and after service, and should discuss the significance of those statements. The examiner should provide a rationale for any opinion provided and should attempt to reconcile any contradictory evidence of record. For each identified psychiatric disability, the examiner should provide the following opinions: 

(a) Is there clear and unmistakable evidence that a psychiatric disorder existed prior to service? Please identify any such evidence with specificity. 

(b) If there is clear and unmistakable evidence that a psychiatric disorder existed prior to service, is there clear and unmistakable evidence that the psychiatric disorder did not increase in severity beyond the natural progression of the disease during service? Please identify any evidence to support that finding with specificity.

(c) Is it at least as likely as not (50 percent probability or greater) that any current psychiatric disability was incurred in service or is due to any incident of service. 

3. Then, readjudicate the claims on appeal. If any decision is adverse to the appellant, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2016).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2016), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).